**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WIRELESSWERX IP LLC, | Case No. 6:22-cv-01058-DC-DTG |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| LYFT, INC., | |
| Defendant. | The Honorable David Counts |

**DEFENDANT LYFT, INC.'S MOTION TO DISMISS AMENDED COMPLAINT**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...........................................................................................................1

II.     STATEMENT OF FACTS ............................................................................................1

III.    LEGAL STANDARD....................................................................................................3

        A.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)........................................ 3

        B.      Direct Infringement.................................................................................................. 3

IV.     WIRELESSWERX'S FAILURE TO IDENTIFY A DIRECT INFRINGER DOOMS ITS
        DIRECT AND INDIRECT INFRINGEMENT CLAIMS.................................................3

V.      WIRELESSWERX FAILS TO PLAUSIBLY ALLEGE HOW LYFT
        "PROVID[ES A] FIRST PORTABLE DEVICE WITH A GROUND POSITIONING
        UNIT RECEIVER"..........................................................................................................7

VI.     WIRELESSWERX FAILS TO PLAUSIBLY ALLEGE THAT LYFT "DEFIN[ES] A
        GEOGRAPHICAL ZONE"............................................................................................10

VII.    CONCLUSION..............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)...................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................3

*Atlas Glob. Techs. LLC v. Zyxel Networks Corp.*,
    No. 6:22-CV-355-ADA, 2023 WL 3361214 (W.D. Tex. May 9, 2023) .................................11

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017)...................................................................................10

*Ballard v. Devon Energy Prod. Co., L.P.*,
    678 F.3d 360 (5th Cir. 2012) ....................................................................................11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................3

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .................................................................................3, 9

*Data Engine Techs. LLC v. Google LLC*,
    906 F.3d 999 (Fed. Cir. 2018)....................................................................................2

*De La Vega v. Microsoft Corp.*,
    No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..........................7

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
    845 F.3d 1357 (Fed. Cir. 2017)................................................................................ 6-7

*EMA Electromechanics, Inc. v. Siemens Corp.*,
    No. 6:21-cv-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ...............................3

*Encoditech, LLC v. Citizen Watch Co. of Am.*,
    No. SA-18-CV-1335-XR, 2019 WL 2601347 (W.D. Tex. June 25, 2019) .............................3

*EscapeX IP LLC v. Google LLC*,
    No. 3-22-cv-08711-VC, 2023 WL 5257691 (N.D. Cal. Aug. 16, 2023).................................9

*ESW Holdings, Inc. v. Roku, Inc.*,
    No. 6-19-CV-00044-ADA, 2021 WL 1069047 (W.D. Tex. Mar. 18, 2021)...........................4

*Fare Technologies LLC v. Lyft, Inc.*,
Case No. 6:22-cv-00315-ADA (W.D. Tex.) ................................................................8

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012) ................................................................................7

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
572 U.S. 915 (2014) ................................................................................................3

*Omega Eng'g, Inc, v. Raytek Corp.*,
334 F.3d 1314 (Fed. Cir. 2003) ..............................................................................11

*Southwall Techs., Inc. v. Cardinal IG Co.*,
54 F.3d 1570 (Fed. Cir. 1995) ................................................................................10

*SpeedTrack, Inc. v. Amazon.com*,
998 F.3d 1373 (Fed. Cir. 2021) ..............................................................................10

*Thorner v. Sony Comput. Ent. Am. LLC*,
669 F.3d 1362 (Fed. Cir. 2012) ..............................................................................10

*Traxcell Techs., LLC v. AT&T Corp.*,
No. 2:17-cv-00718-RWS-RSP, 2022 WL 18507378 (E.D. Tex. Dec. 22, 2022) ....................9

*Traxcell Techs. LLC v. Lyft, Inc.*,
No. 6:22-cv-00689-ADA (W.D. Tex.), ECF No. 12 ................................................8

*Verna IP Holdings, LLC v. Alert Media, Inc.*,
No. 6:21-CV-00422-ADA, 2023 WL 5918320 (W.D. Tex. Sept. 11, 2023) ............................9

*VideoShare, LLC v. Google, LLC*,
No. 6-19-CV-00663-ADA, 2021 WL 4712692 (W.D. Tex. Oct. 8, 2021) ................................2

*W. Express Bancshares, LLC v. Green Dot Corp.*,
No. 19-CV-4465-DLC, 2019 WL 4857330 (S.D.N.Y. Oct. 2, 2019),
*aff'd*, 816 F. App'x 485 (Fed. Cir. 2020) ................................................................5

*Web 2.0 Techs., LLC v. Accelo, Inc.*,
1:23-CV-00001, ECF No. 17 (D. Del. Oct. 5, 2023) ..............................................5

**STATUTES**

35 U.S.C. § 102 ......................................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ P. 12(b)(6) ........................................................................................1, 3

## I.      INTRODUCTION

Plaintiff WirelessWerx IP LLC's ("Plaintiff" or "WirelessWerx") First Amended Complaint for Patent Infringement (Dkt. No. 21) ("Amended Complaint") must be dismissed with prejudice.  WirelessWerx fails to plausibly plead that Lyft, Inc. ("Lyft") directly or indirectly infringes U.S. Patent No. 7,317,927 ("Asserted Patent").  First, WirelessWerx fails to allege that Lyft performs itself—or directs or controls another to perform—each and every step of the allegedly infringing method.  Instead, WirelessWerx claims that the method is performed by Lyft, a Lyft rider, *and* a Lyft driver, without any allegation that Lyft directs or controls the others to take the accused actions.  There cannot plausibly be infringement—direct or indirect—under these facts.

Infringement is also not plausible because Lyft does not "provid[e] . . . portable device[s] with [] ground positioning unit[s]."[1]  It never has (as counsel for WirelessWerx is well aware[2]), and WirelessWerx fails to allege otherwise.  But even if this were true—it is not—WirelessWerx's claims of infringement cannot stand because they contradict the prosecution history, thereby violating the doctrine of prosecution disclaimer.  Because WirelessWerx does not and cannot state a plausible claim for relief, the Court should dismiss the claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     STATEMENT OF FACTS

On October 7, 2022, WirelessWerx filed its initial Complaint accusing Lyft of directly infringing the Asserted Patent by allegedly making, using, testing, selling, offering for sale and/or

---

[1] *See* Asserted Patent, at Cl. 1.
[2] Lyft has informed counsel for WirelessWerx (i.e., William P. Ramey, III) at least five times in three different patent cases that Lyft does not provide user devices to riders or drivers.  *See infra* § V.

importing "Lyft's rideshare products."  Dkt. No. 1 ("Complaint"), at ¶ 15.  Though not expressly identified by name,[3] the claim chart attached to the Complaint appears to accuse Lyft's "rider app," which is used by a rider to, *inter alia*, request a ride, and "driver app," which is used by a driver to, *inter alia*, accept a ride, as allegedly infringing Claim 1 of the Asserted Patent.  Lyft therefore understands the Complaint to accuse the Lyft rider app and Lyft driver app (collectively, the "Accused Products") in this case.

On December 8, 2023, WirelessWerx filed an amended complaint, which added allegations of indirect infringement and confirmed that WirelessWerx is a non-practicing entity.  *See* Dkt. No. 21, at ¶¶ 25-26.  The Amended Complaint does not clarify the meaning of "Lyft's rideshare products" and the attached claim chart appears to be identical to the one attached to the initial Complaint.  *Compare* Dkt. No. 1, at ¶ 15 *with* Dkt. No. 21, at ¶ 15; *compare* Dkt. No. 1-2 ("Claim Chart to Complaint") *with* Dkt. No. 21-2 ("Claim Chart to Amended Complaint").

The Asserted Patent describes systems and methods for monitoring and communicating with persons within a "geographical zone," which is configured in a wireless portable device.  *See, e.g.*, Dkt. No. 21-1 ("'927 Patent"), at 1:20-25 & Abstract.  As explained by the patentee during prosecution, a "geographical zone" as recited in Claim 1 is ***not*** a point on a map, such as an address of a destination.[4]  *See* Ex. A, at 9-11.  The patentee recently confirmed this in reexamination proceedings involving the Asserted Patent, clarifying that a "geographical zone" is a "plurality of discrete points."  Ex. B, at 12 & 13.

---

[3]  WirelessWerx identifies "Lyft's rideshare products" but then cites a website (https://www.lyft.com), which is not a rideshare product.  Dkt. No. 1, at ¶ 15.
[4]  *See VideoShare, LLC v. Google, LLC*, No. 6-19-CV-00663-ADA, 2021 WL 4712692, at *3 (W.D. Tex. Oct. 8, 2021) (citing *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) ("In deciding a motion to dismiss, a court may consider public records, including patent prosecution histories.").

### III.     LEGAL STANDARD

#### A.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A complaint "must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' based on 'more than a sheer possibility that a defendant has acted unlawfully'" to survive a 12(b)(6) motion to dismiss.  *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-1001-ADA, 2022 WL 1241967, at *2 (W.D. Tex. Apr. 26, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and citation omitted).  There must be "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

#### B.     Direct Infringement

"To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims."  *Encoditech, LLC v. Citizen Watch Co. of Am.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019).  Further, there can be no direct infringement of method claims where "performance of all the patent's steps is not attributable to any one person."  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921-22 (2014).

### IV.     WIRELESSWERX'S FAILURE TO IDENTIFY A DIRECT INFRINGER DOOMS ITS DIRECT AND INDIRECT INFRINGEMENT CLAIMS

WirelessWerx fails to identify a direct infringer who performs itself or, alternatively, directs or controls another to perform each and every claim element.  *See Limelight*, 572 U.S. at

915 ("[P]erformance of all steps of a method patent [must] be attributable to a single party."); *see also ESW Holdings, Inc. v. Roku, Inc.*, No. 6-19-CV-00044-ADA, 2021 WL 1069047, at *2 (W.D. Tex. Mar. 18, 2021) ("An entity is responsible for another's performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.") (internal citations and quotations omitted).   Instead, WirelessWerx accuses Lyft of directly infringing Claim 1 of the Asserted Patent but then proceeds to identify at least two other parties—a rider and a driver—who perform or control some claim elements.   Thus, WirelessWerx fails to allege that a single actor is responsible for performing all steps, as required for any claim of infringement (direct or indirect).

For example, WirelessWerx appears to accuse a rider—*not Lyft*—of performing the claimed "defining a geographical zone" step:



*See* Dkt. No. 21-2, at 5 (annotations in blue).  As an initial matter, WirelessWerx fails to expressly

allege that this claim limitation is met because Lyft "directs or controls" a rider's actions.  *See*

*Limelight*, 572 U.S. at 921-22 (explaining that there can be no direct infringement where

"performance of all the patent's steps is not attributable to any one person"); *see also Web 2.0*

*Techs., LLC v. Accelo, Inc.*, 1:23-CV-00001, ECF No. 17 (D. Del. Oct. 5, 2023) ("Plaintiff has

failed to plausibly allege joint infringement because there are no allegations that the relevant

defendant exercises the requisite direction or control over another's performance . . . such that

performance of every step of the claimed methods is attributable to defendant."); *W. Express*

*Bancshares, LLC v. Green Dot Corp.*, No. 19-CV-4465-DLC, 2019 WL 4857330, at *4 (S.D.N.Y.

Oct. 2, 2019), *aff'd*, 816 F. App'x 485 (Fed. Cir. 2020).  But even assuming arguendo that the

above evidence is sufficient to demonstrate that Lyft "directs" its riders to define a "destination" (or drop off location),[5] the Claim Chart is devoid of any evidence suggesting that Lyft permits riders to "define" a destination "utilizing latitude and longitude attributes" as recited in Claim 1. Indeed, WirelessWerx fails to allege whether, if at all, Lyft directs riders to "add your destination at the bottom of the screen" using "latitude and longitude attributes." Because WirelessWerx does not assert that Lyft (by itself or through its direction or control) practices the "defining a geographical zone utilizing latitude and longitude attributes" claim element, WirelessWerx's Amended Complaint fails to plead a plausible claim for direct infringement.

As another example, WirelessWerx points to actions of a driver as alleged evidence of Lyft's infringement. *See, e.g.*, Dkt. No. 21-2, at 5 (indicating that a driver's selection of the "confirm pickup" button meets the "loading data representative of the geographical zone to the first portable device" claim limitation); *id.* at 7 (indicating that a driver's arrival at a rider's pickup location meets the "programming a microprocessor in the first portable device to determine the occurrence of an event related to a status of the portable device in relation to the geographical zone" claim limitation).

As evident from the above examples, WirelessWerx identifies Lyft as performing some of the steps, riders as performing other steps, and drivers as performing yet other steps, failing to allege that a single actor is responsible for performing all steps, as required for claims of direct infringement. *See Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("Where, as here, no single actor performs all steps of a method claim, direct infringement

---

[5] As is discussed in more detail below, a destination or drop off location cannot constitute the claimed "geographical zone." *See infra* § VI.

only occurs if 'the acts of one are attributable to the other such that a single entity is responsible for the infringement.'").  Because such allegations are insufficient to plausibly state a claim for relief against Lyft, WirelessWerx's direct infringement claims should be dismissed.  *See Limelight*, 572 U.S. at 921-22; *see also De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing claims of direct infringement where the complaint was "devoid of allegations that would support an inference that [defendant] (or anyone) performs the [claimed] steps").

WirelessWerx's failure to identify a single direct infringer also dooms its claims of indirect infringement.  That is because a plaintiff must plead "facts sufficient to allow an inference that at least one direct infringer exists" in order to support a claim of indirect infringement.  *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). WirelessWerx has not done this, and thus its claims of indirect infringement should likewise be dismissed.

## V.  WIRELESSWERX FAILS TO PLAUSIBLY ALLEGE HOW LYFT "PROVID[ES A] FIRST PORTABLE DEVICE WITH A GROUND POSITIONING UNIT RECEIVER"

Claim 1 requires that some entity perform the step: "providing the first portable device with a ground positioning unit receiver, the ground positioning unit receiver permitting the first portable device to obtain geographical coordinates of the position of the first portable device." Dkt. No. 21-1, at Cl. 1.  But the Complaint does not allege that Lyft provides any hardware to users, nor is there any allegation that the Accused Products include the claimed "ground positioning unit receiver" required by Claim 1.  *See generally* Dkt. No. 21; *see* Dkt. No. 21-2, at 6.

In support of its claims that Lyft practices this claim step, WirelessWerx identifies a Lyft webpage (i.e., https://help.lyft.com/hc/en-ca/articles/115013079988-How-to-request-a-ride):

Dkt. No. 21-2, at 6.  This webpage, however, does not evince that Lyft provides a "ground positioning unit receiver," either independently or together with the Accused Products.  Rather, the identified webpage merely explains that the Lyft app may use a rider's GPS location.  *Id*.  But the fact that the Lyft app uses location data is not sufficient to plausibly allege that Lyft provides a ground positioning unit receiver, which is what Claim 1 requires.

This deficiency is particularly notable because Lyft has informed counsel for WirelessWerx numerous times in prior litigation that Lyft does not make, use, sell, offer to sell, or import user devices, let alone those "with a ground positioning unit receiver."  *See, e.g.*, *Fare Technologies LLC v. Lyft, Inc.*, Case No. 6:22-cv-00315-ADA (W.D. Tex.), ECF No. 13 at § IV.A.i, ECF No. 22 at § IV.B.iii, ECF No. 22-2 at § II; *Traxcell Techs. LLC v. Lyft, Inc.*, No. 6:22-cv-00689-ADA (W.D. Tex.), ECF No. 12; *see also* Ex. C.  Despite these repeated reminders to counsel, WirelessWerx continues to assert the same, baseless argument that Lyft allegedly practices the "providing the first portable device with a ground positioning unit receiver"

limitation.  *See* Dkt. No. 21-2, at 6.  It does not, and even the most basic pre-suit investigation would have confirmed this.[6]

To make matters worse, WirelessWerx fails to identify *any* entity that plausibly practices the "providing" step.  *See Bot M8*, 4 F.4th at 1353 ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.").  Indeed, the Amended Complaint is completely silent as to what entity allegedly performs the "providing" step.  *See generally* Dkt. No. 21; *see also* Dkt. No. 21-2, at 6.  And, even if the complaint included allegations that a third party performed this step—which it does not—there is no allegation that Lyft directs or controls said entity to practice the "providing" step or that Lyft induced said entity to do so.  Because the Amended Complaint fails to plausibly allege that this claim limitation is met, this Court should dismiss WirelessWerx's infringement claims.

WirelessWerx's claims also suffer from a mapping issue concerning the "first portable device."  In pertinent part, the claim chart includes inconsistent allegations that the "first portable device" is simultaneously both the rider's device and the driver's device.  *Compare* Dkt. No. 21-2, at 6 (mapping the *rider*'s device to the "first portable device" in the "providing" step) *with* Dkt. No. 21-2, at 7 (mapping the *driver*'s device to the "first portable device" in the "permitting the microprocessor" limitation).  "Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim."  *Bot M8*, 4 F.4th at 1354.

_____

[6] Courts in this District and elsewhere have sanctioned counsel for WirelessWerx for inadequate pre-suit investigation and pursuing objectively baseless litigation.  *See, e.g.*, *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-CV-00422-ADA, 2023 WL 5918320 (W.D. Tex. Sept. 11, 2023); *Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2022 WL 18507378 (E.D. Tex. Dec. 22, 2022); *EscapeX IP LLC v. Google LLC*, No. 3-22-cv-08711-VC, 2023 WL 5257691 (N.D. Cal. Aug. 16, 2023).

Because the Amended Complaint fails to plead a plausible claim for relief in view of the deficiencies identified above concerning the "providing" and "first portable device" limitations, the Amended Complaint should be dismissed.

## VI.   WIRELESSWERX FAILS TO PLAUSIBLY ALLEGE THAT LYFT "DEFIN[ES] A GEOGRAPHICAL ZONE"

As discussed above, WirelessWerx alleges that the "defining a geographical zone" claim step is met when a rider "adds [a] destination," such as a particular drop off location. *See supra* § IV. But WirelessWerx's allegations are contradicted by the intrinsic record, which includes clear and unmistakable disavowal of the claim scope that WirelessWerx seeks to encompass. *See Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1366–67 (Fed. Cir. 2012) (explaining that prosecution disclaimer requires a "clear and unmistakable disclaimer"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995)) ("Ultimately, the doctrine of prosecution disclaimer ensures that claims are not construed one way in order to obtain their allowance and in a different way against accused infringers.") (internal quotations omitted); *SpeedTrack, Inc. v. Amazon.com*, 998 F.3d 1373, 1380 (Fed. Cir. 2021).

Notably, during prosecution of the Asserted Patent, the Patent Office rejected a previous version of Claim 1 under 35 U.S.C. § 102 as being anticipated by U.S. App. Pub. No. 2001/0046884 to Yoshioka ("*Yoshioka*"). In distinguishing the claims from *Yoshioka*, the patentee explained that a "location" or "single point on a map"—for example, a destination or drop off location—does not meet the "geographical zone" limitation recited in the claim:

> "The locations disclosed in Yoshioka are not geographical zones as disclosed in the present application. Rather, the locations discussed in Yoshioka refer to *single points on a map having latitude and longitude information* as well as an associated telephone number. *In Yoshioka, a location is nothing more than a point on a map*."

Ex. A, at 9 (emphasis added); *see also id.*, at 11 (characterizing *Yoshioka*'s locations as "fixed points in maps pointing to destinations to which the navigation device is traveling"). The patentee recently affirmed this disclaimer in reexamination proceedings involving the Asserted Patent, explaining that "the geographical zone is defined by ***a plurality of discrete points***." Ex. B, at 12 & 13 (emphasis added).

Because the patentee clearly and unmistakably told the Patent Office what does and what does not constitute the claimed "geographical zone" limitation, the patentee should be held to those statements and estopped from recapturing disclaimed claim scope. *See Atlas Glob. Techs. LLC v. Zyxel Networks Corp.*, No. 6:22-CV-355-ADA, 2023 WL 3361214, at *26 (W.D. Tex. May 9, 2023) (quoting *Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1324 (Fed. Cir. 2003)) ("[P]rosecution disclaimer promotes the public notice function of the intrinsic evidence and protects the public's reliance on *definitive* statements made during prosecution."). Importantly, like the locations disclosed in *Yoshioka*, a Lyft rider's destination is a "location . . . represented by a corresponding point on a map." Ex. A at 9. Per the patentee, such a location cannot constitute a "geographical zone." *Id.* WirelessWerx should therefore be estopped from asserting otherwise.

Because this deficiency cannot be cured, Lyft respectfully submits that principles of prosecution disclaimer warrant dismissing the Amended Complaint with prejudice. *See Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 364 (5th Cir. 2012) ("Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or ***futility of a proposed amendment***.") (emphasis added).

## VII.   CONCLUSION

For the foregoing reasons, Lyft respectfully requests that the Court grant its motion and dismiss WirelessWerx's Amended Complaint with prejudice.

Dated: January 22, 2024                    Respectfully submitted,

*/s/ Bethany R. Salpietra*

Jose Villarreal (TX SBN 24003113)
E-mail: jose.villarreal@bakerbotts.com
BAKER BOTTS LLP
401 South 1st Street, Suite 1300
Austin, Texas 78704-1296
Telephone: (512) 322-2551
Facsimile: (512) 322-8351

Jeremy J. Taylor
E-mail: jeremy.taylor@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111-5802
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Bethany R. Salpietra (TX SBN 24097699)
E-mail: bethany.salpietra@bakerbotts.com
BAKER BOTTS LLP
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

*Attorneys for Defendant Lyft, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 22, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

*/s/ Bethany R. Salpietra*
Bethany R. Salpietra